UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORENE F. SCHAEFER, individually and on behalf of a class of similarly-situated female employees,<br>      Plaintiff,<br><br>      v.<br><br>GENERAL ELECTRIC COMPANY, JEFFREY R. IMMELT, BRACKETT B. DENNISTON III, JOHN G. RICE, JOHN M. DINEEN, JOHN F. LYNCH, JOHN LOOMIS, BILL FISHER, GREG CAPITO, CLAUDIO X. GONZALEZ, ANDREA JUNG, RALPH S. LARSEN, SAM NUNN, and DOUGLAS A. WARNER III,<br>      Defendants. | Case No. 3:07-cv-858 (PCD) |

## **RULING ON INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**

Lorene F. Schaefer, individually and on behalf of a purported class of similarly situated female employees, brings this employment discrimination action against her employer, General Electric Company ("GE"), and several individually named defendants: Jeffrey Immelt; Brackett Denniston III; John Rice; John Dineen; John Lynch; John Loomis; Bill Fisher; Greg Capito; Claudio Gonzalez; Andrea Jung; Ralph Larsen; Sam Nunn; and Douglas Warner III (the "Individual Defendants"). The Individual Defendants have moved to dismiss Counts Three and Six of the First Amended Complaint, which allege violations of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(a)(4) and (5), for aiding and abetting the discriminatory and retaliatory actions of GE and the other Individual Defendants and for retaliating against Ms. Schaefer for her discrimination complaints. For the reasons stated below, Defendants' Motion to Dismiss [Doc. No. 84] is **denied.**

**I.    BACKGROUND**

Plaintiff Lorene Schaefer, an attorney employed by GE, filed this lawsuit individually and on behalf of a purported class claiming that GE and the thirteen individual defendants have: failed to pay female executive-level employees and attorneys on par with the pay of similarly-situated male employees; failed to promote female executives and attorneys to senior leadership positions at GE; used subjective pay and promotion practices and policies which negatively and disparately affect female employees at GE; and failed to enforce procedures and policies prohibiting gender discrimination. (First. Am. Compl. ¶ 14.) The thirteen individual named defendants include the GE Directors who comprise the Board's Management Development and Compensation Committee, Defendants Gonzalez, Jung, Larsen, Nunn, and Warner (collectively the "Director Defendants"), and the following GE Executives: GE CEO Jeffrey Immelt; GE General Counsel Brackett Denniston; GE Vice Chairman John Rice; GE Transportation CEO John Dineen; GE Senior Vice President of Corporate Human Resources John Lynch; Vice President of Human Resources for GE Transportation John Loomis; Senior Human Resources Manager for GE Legal Bill Fisher; and Senior Human Resources Manager for GE Transportation Greg Capito (collectively the "Executive Defendants").

The following facts are taken as true for purposes of the instant motion.[1] Plaintiff alleges that each of the Individual Defendants engineered, approved, ratified, and/or assisted in the wrongful acts alleged, including the discriminatory treatment of Ms. Schaefer and the class. (See First Am. Compl. ¶¶ 52, 57, 62, 65, 68, 71, 73, 76, 80-84.) All Individual Defendants allegedly

---

[1] A district court ruling on a motion to dismiss for failure to state a claim should accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Ganino v. Citizens Utilities Co., 228 F.3d 154, 161 (2d Cir. 2000).

chaired and/or participated in meetings at which the promotional and compensational opportunities for Plaintiff and/or the purported class members were decided. (Id. at ¶¶ 44-50, 52-55, 58-59, 61, 64, 69, 74, 77-78, 81-85, 103-112.) As members of the Management Development Compensation Committee, Defendants Gonzalez, Jung, Larsen, Nunn, and Warner established, reviewed, and/or ratified the company policies pertaining to the compensation and promotional opportunities for Plaintiff and the purported class members. (Id. at ¶¶ 77-78, 81-84.) All promotional and compensation decisions are ultimately ratified through the main GE corporate office in Fairfield, Connecticut, and those Individual Defendants who did not reside or work in Connecticut on a daily basis during the class period were in constant contact with senior management there via telephone, email, and in-person meetings regarding promotional and compensation decisions affecting Schaefer and the purported class members. (Id. at ¶¶ 40, 55,-56, 58-59, 61, 64, 75.) Plaintiff also alleges, upon information and belief, that Defendant Rice, in his capacity as Vice Chairman of GE, has an office in Connecticut and spends substantial time working there. Defendant Rice participated in the February 2007 Corporate Executive Council (CEC) meeting held in Fairfield, Connecticut, which gave rise to Ms. Schaefer's discrimination complaint and GE's alleged retaliation, and in Ms. Schaefer's performance review in which she was officially demoted. (Id. at ¶¶ 64, 103-109, 112.)

The Individual Defendants move to dismiss on several grounds. The Defendants first argue that they, as individuals, cannot be held liable under the CFEPA. Defendants also argue that the claim against the GE Director Defendants (Count III) must be dismissed because Plaintiff fails to allege any conduct by the Directors that aided and abetted discrimination against Plaintiff or a single action taken by the Director Defendants with respect to Plaintiff, and they contend the

3

claim for aiding and abetting against the GE Executives (Count III) does not contain "the required factual allegation that any specific GE Executive coerced and assisted another individual to commit an act of discrimination." Finally, Defendants argue that all claims against Defendant Rice (Counts III and VI) must be dismissed because Plaintiff does not allege that he took any actions against her in Connecticut and therefore CFEPA does not apply to his conduct.

## II.	STANDARD OF REVIEW

Under the liberal notice pleading standard of the Federal Rules of Civil Procedure, a complaint need only include "a short and plain statement of the grounds upon which the court's jurisdiction depends…; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). To meet this requirement, a plaintiff must allege only enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007); see also Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007) ("requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible"). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65. Contrary to Defendants' assertions, the Supreme Court's recent decision in Twombly does "not requir[e] a universal standard of heightened fact pleading," Iqbal, 490 F.3d at 157-58, and the Supreme Court has made it clear that there is no heightened pleading requirement with respect to employment discrimination claims. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 515, 122 S.

Ct. 992, 152 L. Ed. 2d 1 (2002).

III.     DISCUSSION

   A.     **Individual Defendants' Liability under the CFEPA**

Count Three of Plaintiff's First Amended Complaint claims that each Individual Defendant aided and abetted GE and the other Individual Defendants in discriminating against Plaintiff and other members of the purported class, in violation of the CFEPA, Conn. Gen. Stat. §§ 46a-60 et seq. The Individual Defendants move to dismiss this count first on the ground that individuals cannot be held liable under the CFEPA. The Defendants also argue that Plaintiff has failed to adequately plead individual discriminatory conduct on the part of the GE Director Defendants and failed to adequately plead that any of the Individual Defendants aided and abetted another individual rather than just directly participating in the discriminatory treatment.

Defendants' argument that individuals cannot be held liable under the CFEPA, which relies on a misreading of the relevant case law and an apparent failure to read the text of the statute itself, is patently meritless. The CFEPA specifically provides that "It shall be a discriminatory practice in violation of this section: ... For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so." Conn. Gen. Stat. § 46a-60(a)(5). Case law interpreting this statute raises no question as to the applicability of this provision of the CFEPA to individuals. See, e.g., Spiotti v. Town of Wolcott, No. 3:04-cv-01442 (CFD), 2008 WL 596175, at *1 n.1 (D. Conn. Feb. 20, 2008) ("Individual liability remains possible under Conn. Gen. Stat. § 46a-60(a)(5) (aiding and abetting)[.]"); Edwards v. New Opportunities Inc., No. 3:05-cv-1238 (JCH), 2006 WL 1668020, at *2 (D. Conn. June 16, 2006) ("individual

5

defendants, even if not employers, may be liable for violations of Connecticut General Statutes section[] 46a-60(a)(5)."); Kanios v. UST, Inc., No. 3:03-cv-369 (DJS), 2005 WL 3579161, at *8 (D. Conn. Dec. 39, 2005); Bolick v. Alea Group Holdings, Ltd., 278 F. Supp. 2d 278, 281 (D. Conn. 2003) ("Individual liability, however, does exist under [§ 46a-60(a)](5)." (citing Tyszka v. Edward McMahon Agency, 188 F. Supp. 2d 186, 195 (D. Conn. 2001))); Wasik v. Stevens Lincoln-Mercury, Inc., No. 3:98-cv-1083 (DJS), 2000 WL 306048, at *6 (D. Conn. March 20, 2000) (noting that while § 46a-60(a)(1) is limited to employers, "other CFEPA provisions expressly extend liability for discriminatory acts to individual persons, regardless of whether they are employers.").

Defendants have invented an argument denying individual liability under CFEPA by misreading a Connecticut Supreme Court decision, Perodeau v. City of Hartford, 259 Conn. 729, 792 A.2d 752 (2002). In Perodeau, the court prohibited holding an individual employee liable for a violation of Section 46a-60(a)(1), a provision which, by its terms, restricts liability in that subsection to "employers." However, the Perodeau court went on to explicitly distinguish Section 46a-60(a)(1) from Section 46a-60(a)(5), the aiding and abetting provision of CFEPA, noting that the Connecticut Legislature specifically referred to "persons" in addition to "employers" in Section 46a-60(a)(5), showing that it intended the provision to apply to individuals other than employers. 259 Conn. at 737-38.

Defendants' reliance on this Court's ruling in Bolick v. Alea is also misplaced. In Bolick, a plaintiff employee brought sex discrimination and sexual harassment claims against her employer corporation and a CFEPA aiding and abetting claim against her supervisor. 278 F. Supp. 2d at 279. Bolick's supervisor moved to dismiss the individual claims against him

6

because, as primary perpetrator of the alleged sexual harassment, he could not be considered to "aid and abet" his own conduct. Id. at 281. The Court concluded that applying the aiding and abetting provision of CFEPA against an employee who was the sole perpetrator of the alleged harassment would produce an illogical result; accordingly, it held that a sole perpetrator cannot be held liable under the aiding and abetting provision. Id. at 282. The Court's Bolick ruling is inapposite to this case, however, where Plaintiff has alleged that multiple parties—namely, all thirteen individual defendants—have aided and abetted GE's discriminatory practices of failing to promote and pay female executives and attorneys at the same rates as similarly situated males. Where more than one person is allegedly involved in an employer's discriminatory practices, a plaintiff may be able to show that an individual defendant aided the employer's discriminatory practices by colluding with other employees to perpetuate the alleged discrimination. Kanios, 2005 WL 3579161, at *8. Therefore, so long as a complaint alleges a situation other than one in which a single perpetrator engages in discriminatory conduct, individual persons may be held liable for aiding and abetting under CFEPA. Because Plaintiff has clearly alleged that numerous individuals have aided and abetted GE's and the other Individual Defendants' discriminatory conduct (see First Am. Compl. ¶ 170), Defendants' argument that they cannot be liable under the CFEPA is without merit.

Defendants also argue that the First Amended Complaint fails to state the necessary elements of an aiding and abetting claim due to the following deficiencies: failure to allege the requisite intent for aiding and abetting; failure to allege that the Executive Defendants aided and abetted other individuals rather than just directly discriminating against Schaefer; and failure to allege that the Director Defendants took any direct action with respect to Plaintiff Schaefer.

7

None of these arguments persuades the Court that Plaintiff has failed to state a claim upon which relief can be granted. In addition to alleging numerous specific acts on the Individual Defendants' parts in her 52-page First Amended Complaint, Plaintiff explicitly states:

> By aiding, abetting, inciting, compelling, and/or ratifying GE's discriminatory pay and promotion practices and decisions, each Individual Defendant has aided and abetted both the Corporate Defendant's and each of the other Individual Defendant's discrimination against the Plaintiff and the Class of female Executive Band employees and female attorneys, in violation of the CFEPA. Defendants' conduct has been intentional, deliberate, willful, reckless, and conducted in callous disregard of Class Representative's and the Class's rights and has damaged Class Representative and the Class.

(First. Am. Compl. ¶¶ 170-71.) Under the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, these allegations sufficiently state a claim against all Individual Defendants under Section 46a-60(a)(5), which "contemplate[s] liability towards a party who in some way helps or compels another to act in a discriminatory manner." Wasik, 2000 WL 306048, at *7 (citing Bogdahn v. Hamilton Standard Space Sys. Int'l Inc., 46 Conn. Supp. 153, 159, 741 A.2d 1003 (Conn. Super. Ct. 1999) (recognizing as a cognizable claim for aiding and abetting conduct whereby an employer and other employees' actions "ratified, endorsed and perpetrated" another employee's harassing conduct.)). Defendants' arguments that Plaintiff insufficiently alleged aiding and abetting on the part of the Individual Defendants or that she fails to allege the requisite intent are therefore without merit. Plaintiff also adequately pleads that the Director Defendants aided and abetted the discriminatory practices alleged. The First Amended Complaint clearly alleges that the Director Defendants served as members of the Management Development Committee of the GE Board of Directors, which, among other things, develops and evaluates potential candidates for executive positions and reviews all compensation actions for

8

other GE officers (Compl. ¶¶ 78-79), and that they each approved, ratified, and/or assisted in the wrongful acts described in the Complaint. (Id. at ¶¶ 80-84, 167-69.) For all these reasons, Plaintiff has sufficiently stated a CFEPA aiding and abetting claim against each of the Individual Defendants, and Defendants' motion to dismiss Count III for failure to state a claim is denied.

      **B.**      **Defendant John Rice and the CFEPA**

Defendants also move to dismiss Counts III and IV as to Defendant John Rice. According to Defendants, CFEPA does not apply to Defendant Rice's alleged conduct because he resides outside of Connecticut, he is employed outside of Connecticut, and any decision he is alleged to have made with respect to Plaintiff Schaefer occurred outside of Connecticut. Defendants also contend that Plaintiff has not alleged that Rice engaged in any discriminatory conduct in Connecticut and therefore CFEPA should not apply to his alleged actions. (Defs.' Mot. to Dismiss 8.) To succeed with this argument, Defendants ignore passages of the First Amended Complaint which specifically allege conduct performed by Defendant Rice in the State of Connecticut which aided and abetted the alleged discrimination and which retaliated against Plaintiff Schaefer for her complaints of discrimination. Plaintiff has alleged in the First Amended Complaint that Defendant Rice maintains and spends a substantial amount of time in an office at GE headquarters in Fairfield, Connecticut (First. Am. Compl. ¶ 64), and that Defendant Rice decided to discriminatorily demote Ms. Schaefer in retaliation for her complaints at a meeting held in Fairfield, Connecticut, in February 2007. (Id. at ¶ 109). Defendants have cited no law which suggests that these allegations somehow do not suffice for CFEPA to cover Mr. Rice's alleged conduct. Accordingly, Defendants' motion to dismiss the claims against Defendant Rice is also dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the claims against the Individual Defendants [Doc. No. 84] is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this 8th day of May, 2008.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court